# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STEVEN and EMILIE WETICK, individually, ) <br> and as natural parents, ) <br> guardians, and next friends of ) <br> S.W., a minor child ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> v. ) <br> NISSAN MOTOR COMPANY, LTD., ) <br> GRACO CHILDREN'S PRODUCTS, INC., ) <br> NEWELL BRANDS, INC., AND JOHN DOE ) <br> ) <br> ) <br>     DEFENDANTS. ) | Case No.: **2:17-cv-02278-JPM-tmp** |

## SCHEDULING ORDER

    Pursuant to Federal Rule of Civil Procedure 16(b) and in accordance with Local Rule 16.2, a scheduling conference was held on August 7, 2017. Prior to the scheduling conference, on July 20, 2017, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). The following counsel were present at the scheduling conference: Plaintiffs' Counsel: Darryl D. Gresham and Carolyne Gordon; Defendant Nissan's Counsel: Randolph Bibb, Jr. and Whitney Henry Kimberling; and Defendant Graco's Counsel: Douglas F. Halijan and Charles Higgins.

    This is an action arising under the theories of negligence, comparative fault, gross negligence, misrepresentation, and breach of express and implied warranties of merchantability and fitness for a particular purpose. (ECF No. 6 at PageID 48-49.) Plaintiffs further contend that Defendants are strictly liable pursuant to T.C.A. § 29-28-101, et. seq. (ECF No. 6 at PageID 49.) Plaintiffs allege that their minor child S.W., was injured while seated in Defendants' car/booster seat during a car collision. (ECF No. 6 at PageID 35-39.) Plaintiffs allege that Defendants knew it was foreseeable that the car/booster seat used by S.W. would be involved in collisions and had a duty to design and manufacture both the car/booster seat and automobile to be reasonably safe for children using those products. (ECF No. 6 at PageID 36.) Plaintiffs seek recovery on behalf of themselves and their minor child, S.W., for injuries and damages. (ECF No. 6 at PageID 57-58.)

    Defendants assert that Plaintiffs' alleged injuries and damages are the result of conduct out of Defendants' control. (ECF No. 16 at PageID 154; ECF No. 17 at PageID 177-78.) Defendants further contend that they complied with all governmental regulations, whether

federal or state, and there is a rebuttable presumption that the product is not in an unreasonably dangerous condition.  (ECF No. 16 at PageID 55; ECF No. 17 at PageID 178.)

The following dates are established as the final deadlines for:

**MOTIONS TO AMEND PLEADINGS**:  August 28, 2017 (Plaintiff to file Amended Complaint to plead the alleged defects with specificity as to each Defendant)

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:
September 8, 2017 for Plaintiffs, Graco Children's Products, Inc., and Newell Brands, Inc.
October 16, 2017 for Nissan Motor Company, Ltd.

**MOTIONS TO DISMISS**:  October 31, 2017

**MOTIONS TO JOIN PARTIES**:  December 15, 2017 (have the appropriate parties)

**ALTERNATIVE DISPUTE RESOLUTION:**

**(a)** Given the nature of the case and the complexity of the issues concerning alleged product defects against multiple defendants, the parties believe that the likelihood of an early settlement is low. The parties therefore request that they be allowed to convene a mediation pursuant to the Local Rules after a reasonable amount of discovery, including document production and depositions, has been conducted.  The parties further request that they be permitted to identify and agree upon a mediator closer to the time in which a mediation session will be held.  **The Court concurred in the parties' request**.

**COMPLETING ALL DISCOVERY**:  August 31, 2018

(a) **WRITTEN DISCOVERY**:  July 31, 2018
(b) **DEPOSITIONS**:  August 31, 2018

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

(a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  June 1, 2018
(b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**:  July 3, 2018
(c) **EXPERT WITNESS DEPOSITIONS**:  August 31, 2018

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: September 14, 2018

**SUPPLEMENTATION UNDER RULE 26(e)(1)**:  August 31, 2018

**FILING DISPOSITIVE MOTIONS**:  September 28, 2018

**TRIAL:**

1. The jury trial in the instant case, which is anticipated to last approximately 12 to 14 days, is scheduled to begin on **Monday, December 3, 2018 at 9:30 AM in Courtroom 1.**
2. The pretrial conference is scheduled for **Tuesday, November 20, 2018 at 9:30 AM.**
3. The joint pretrial order, proposed voir dire questions, motions in limine, proposed verdict form, and proposed jury instructions are due no later than **4:30 PM on Tuesday, November 13, 2017.**

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline.  All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

This case is set for a jury trial.  The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order.  The parties anticipate the trial will last approximately 15 days.

The parties may engage in ADR at their discretion by the ADR deadline.  If any party determines that mediation is unlikely to be successful, would not be cost effective, or is a procedure in which they do not wish to engage, they may file a Notice of Intent not to engage in mediation.  Upon such notice, the mediation shall be cancelled.  Pursuant to Local Rule 16.2(d), if the parties chose to engage in mediation, within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED, this 7th day of August, 2017.

/s/ Jon P. McCalla_____
Jon P. McCalla
UNITED STATES DISTRICT JUDGE